UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SAMUEL TYRONE JEFFERS                    CIVIL ACTION NO. 08-cv-0411

VERSUS                                   JUDGE HICKS

CLERK OF COURT                           MAGISTRATE JUDGE HORNSBY
CADDO PARISH, ET AL

## REPORT AND RECOMMENDATION

**Introduction**

Samuel Tyrone Jeffers ("Plaintiff") was convicted of two counts of armed robbery and adjudicated a third-felony offender.  He received a total sentence of 133 years in prison.  See State v. Jeffers, 645 So.2d 238 (La. App. 2d Cir. 1994), writ denied, 650 So.2d 251 (La. 1995).  Plaintiff later filed applications for post-conviction relief.

Plaintiff filed with this court a complaint pursuant to 42 U.S.C. § 1983 against Gary Loftin, the Caddo Parish Clerk of Court.  Plaintiff alleges that Loftin delayed or deliberately did not file some of Plaintiff's submissions, most of which were either public record requests or a petition for writ of mandamus regarding Plaintiff's efforts to obtain transcripts of certain 1992 proceedings in his criminal prosecution.  Plaintiff alleges that Loftin's actions were in retaliation for Plaintiff's exercise of his right to redress, and Plaintiff asserts that Loftin's delays caused him to lose viable constitutional claims.

**Access to the Courts**

Before the court is Loftin's Motion for Summary Judgment (Doc. 26). The affidavits and other summary judgment evidence submitted by Loftin show that Plaintiff has made multiple requests for transcripts of proceedings that happened in the trial court in July 1992. Loftin's office responded to a 2006 request by directing Plaintiff to make a request to the court reporter, and the court reporter's mailing address was provided. Plaintiff was apparently not satisfied with the clerk's response to his request. The record suggests that Plaintiff does not realize, despite explanations, that not every event that happens in a courthouse is transcribed and maintained on file by the Clerk of Court. Rather, there must first be a request for a transcript, which the court reporter will prepare. It appears Loftin's office attempted to help Plaintiff in this regard. One item of correspondence states that a deputy clerk spoke to the court reporter, that the reporter would transcribe the proceedings, and the reporter would quote Plaintiff a price for the transcript.

Plaintiff was apparently not satisfied with the clerk's responses to his requests, and he eventually filed in state court one or more applications for writ of mandamus. Plaintiff complains to this court that Loftin delayed the filing of that proceeding, but a deputy clerk testified by affidavit that the delay was because Plaintiff did not prepay court costs for filing or secure indigent status by court order. The mandamus action was ultimately filed in the criminal case. The district judge assigned to the criminal proceeding did order in January

2008 that the clerk of court provide Plaintiff copies of transcripts of certain hearings that occurred in 1992.  A deputy clerk testifies that the clerk complied with the court order.

The summary judgment evidence includes a number of other court orders that address Plaintiff's repetitive requests for copies and other demands for relief.  One order, issued in January 2008, addressed two applications for post-conviction relief that Plaintiff filed in 2007.  The court denied the motions as untimely because La.C.C.P. art. 930.8 provides that an application for post-conviction relief must be filed within two years after the judgment of conviction has become final, unless certain circumstances exist to fit a statutory exception. The court found that Plaintiff's convictions became final in 1994, and there were no circumstances to fit an exception.  Thus, the post-conviction applications were untimely.

Plaintiff complains that Loftin's actions have deprived him of his right to access the courts.  That right does not include the right to litigate all causes of action.  It applies only to the opportunity to file non-frivolous challenges to convictions or conditions of confinement.  Lewis v. Casey, 116 S.Ct. 2174 (1996).  To prevail on a claim of denial of access to courts, a prisoner must show actual injury, meaning a loss of such an underlying cause of action.  Christopher v. Harbury, 122 S.Ct. 2179 (2002).

Plaintiff made a conclusory allegation in its complaint that he lost "viable constitutional claims" because of the delay in providing documents, but Plaintiff has not responded to the summary judgment challenge by identifying a non-frivolous and substantial claim that was lost or prejudiced in any way because of the lack of 1992 transcripts.  Plaintiff

may have wished to use the transcripts in connection with his post-conviction applications, but those applications were denied as untimely. Plaintiff has not articulated how the transcripts would have been of any help. Accordingly, Plaintiff has not met his summary judgment burden of responding to the challenge that his access to court claim lacks merit due to the lack of a viable, underlying claim.

Plaintiff argues in his opposition that any untimeliness with regard to his post-conviction applications does not deprive him of the right to seek public records under state law. That may be true, but the federal court does not sit to enforce Louisiana public records law. This court may consider Plaintiff's Section 1983 claims, but once they are resolved there is no diversity jurisdiction or other basis for the court to preside over Plaintiff's public records request under Louisiana statutes.

**Retaliation**

Plaintiff also made a general assertion in his complaint that Loftin's actions were in retaliation for Plaintiff having filed applications for post-conviction relief and a petition for writ of mandamus. Plaintiff points out that Loftin did not specifically address the retaliation claim in the Motion for Summary Judgment. Rather than awaiting a motion on the claim, the court will address the retaliation issue sua sponte.[1]

---

[1]"A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of

To state a Section 1983 retaliation claim, an inmate must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Mere conclusory allegations of retaliation are insufficient. Id. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may plausibly be inferred. Id. at 325; Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).

Plaintiff has made no more than a conclusory allegation that Loftin delayed his filings or refused to provide copies based on retaliatory intent. It is also implausible that Loftin would retaliate based on the filing of a post-conviction application, which is a common filing received by a clerk of court on a routine basis. With respect to the writ of mandamus, it was not filed until after Loftin responded to Plaintiff's request for transcripts by directing him to the court reporter. Loftin's handling of the records request could not have been in retaliation for Plaintiff filing a mandamus, because the mandamus had not yet been filed. There is no allegation of fact in the complaint from which the court might reasonably infer evidence of retaliation.

**Plaintiff's Discovery Motions**

Plaintiff has also filed a Motion for Sanctions (Doc. 19) and a Second Motion to Compel (Doc. 23). Both motions complain that Loftin has not responded satisfactorily to

---

defense in Report and Recommendation satisfied due process).

Plaintiff's discovery demands.  Loftin has filed copies of his responses and asserts that they were sufficient.  Doc. 25.  The court need not explore the merits of the discovery dispute, as none of the requested information could conceivably breath life into the claims that the court has determined should be dismissed.

Accordingly;

**IT IS RECOMMENDED** that Gary Loftin's **Motion for Summary Judgment (Doc. 26)** be **granted** and that all of Plaintiff's claims in this civil action be **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's **Motion for Sanctions (Doc. 19)** and **Second Motion to Compel (Doc. 23)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of December, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE